UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EARL P. THOMPSON | * | CIVIL ACTION NO. 16-17542 |
| Plaintiff, | * | |
| VERSUS | * | JUDGE CARL J. BARBIER |
| | * | |
| RYAN ZINKE, SECRETARY OF THE INTERIOR | * | MAGISTRATE JUDGE JANIS VAN MEERVELD |
| Defendant | * | |
| | * | JURY TRIAL DEMANDED |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Plaintiff, Earl Thompson (hereinafter referred to as "Mr. Thompson" or "Plaintiff"), submits this *Memorandum in Support of the Motion to Reconsider the Court's Order Granting Defendant's Motion for Summary Judgment*:

### FACTUAL BACKGROUND

On May 21, 2018, Defendant, Ryan Zinke, Secretary of the United States Department of Interior (hereinafter referred to as "Defendant"), filed a *Motion to Dismiss and Motion for Summary Judgment* (Rec. Doc. 47). The contemporaneously filed motions were noticed for a June 6, 2018 submission date, thus making Plaintiff's *Memoranda in Opposition* due on May 28, 2018. In response, Plaintiff filed an *Ex Parte Motion to Extend Submission Deadline for Defendant's Motion to Dismiss and Motion for Summary Judgment* on May 27, 2018, citing the necessity of an extension for the submission deadline due to Plaintiff's previously scheduled legal obligations. (Rec. Doc. 48). This Court granted Plaintiff's *Motion to Extend Submission*

1

*Deadline* on June 4, 2018, resetting the submission deadline to Friday, June 8, 2018, at 5:00 p.m. (Rec. Doc. 53).

For the reasons set forth below, Plaintiff was unable to timely file his *Memorandum in Opposition to Defendant's Motion for Summary Judgment*. This Court rendered an *Order* granting Defendant's *Motion for Summary Judgment* dismissing Plaintiff's claims without prejudice (Rec. Doc. 54). However, within the language of the *Order*, this Court stated that a *Motion for Reconsideration of the Court's Order* accompanied by an opposition memorandum to [Defendant's] *Motion for Summary Judgment* may be filed within thirty (30) days of the *Order*. (Rec. Doc. 54). On the same day as the rendering of the Court's *Order*, Plaintiff filed a *Motion for Leave to File Plaintiff's Memorandum in Opposition Out of Time* (Rec. Doc. 55), which was denied. (Rec. Doc. 56).

## **LAW AND ARGUMENT**

The Federal Rules of Civil Procedure provide a procedural remedy for a party or its legal representative to obtain relief from a final judgment, order, or proceeding under specific circumstances, including excusable neglect. F.R.C.P. 60(b)(1). The Court has sound discretion within which to grant or deny relief under Rule 60(b). *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996). "The determination of 'excusable neglect' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Investment Servs Co. v. Brunswick Associates Ltd. P'Ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 1489, 123 L.Ed.2d 74 (1993). The totality of these circumstances include: (1) the risk of prejudice to the non-movant; (2) the length of delay; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* While the aforementioned factors concern the bankruptcy rules, the Fifth Circuit

has applied them to requests for relief under Rule 60(b)(1). *See Silvercreek Mgmt., Inc. v. Banc of America Sec, LLC*, 534 F.3d 469, 472 (5th Cir. 2008); *See also Bynum v. Ussin*, 410 F.App'x 808 (5th Cir. 2011).

Excusable neglect is satisfied here as undersigned counsel is able to satisfy all four of the aforementioned factors. The Defendant would not be prejudiced if this Court were to reconsider its Order and allow the Plaintiff's memorandum in opposition to be considered on the record. There is no urgency here that would prejudice the Defendant in answering the Plaintiff's claims, but the Plaintiff would be severely prejudiced. Undersigned counsel acted in good faith to timely submit Plaintiff's opposition by the June 8th deadline, but for the occurrence of the circumstances outlined below, the submission would have been timely.

Though Plaintiff obtained an extension of the submission deadline, undersigned counsel was burdened with numerous prior legal obligations, and he lost his Aunt, Retired Fourth Circuit Court of Appeal Chief Judge Joan Bernard Armstrong, Saturday, June 9, at or about 9:00 a.m.[1] To that end, Judge Armstrong's sister, undersigned counsel's only remaining aunt and Judge Armstrong's primary caregiver, contacted undersigned counsel on Thursday, June 7, 2018, and requested his assistance during this difficult time.[2] Because of the relatively recent loss of several immediate family members (namely undersigned counsel's father, mother and brother), undersigned counsel has had grave difficulty focusing on this and other assignments. Undersigned counsel endeavored to do everything within his power to ensure that this and all

---

[1] Undersigned counsel was very close to his now-deceased Aunt. Judge Armstrong advised undersigned counsel during most of his adult life. She inspired him to retire from his career as a Petroleum Engineer to attend law school at Loyola School of law and become a practicing civil rights attorney to carry on the family legacy.

[2] Undersigned counsel is one of only four remaining members of his immediate family on his father's side. Because he lives in the New Orleans metro area and because of his relationship with his remaining family, undersigned counsel is heavily relied upon during times of bereavement.

other previously scheduled legal obligations were completed in good faith. But for these recent circumstances, the opposition would have been submitted timely.

In a factually distinguishable Fifth Circuit decision, the Court found that excusable neglect did not exist given the totality of the circumstances provided by an attorney who was granted two continuances and an additional 97 days within which to write and file her opposition memorandum. *Bynum,* 410 F.App'x at 808. Here, Defendant filed his motions on May 21, 2018, and Plaintiff was originally only given a seven-day turn-around time. Though granted an extension, undersigned counsel's reason for needing the extension were still in effect—the death of his close relative merely added to the strain of producing an opposition by June 8, 2018. In this matter, undersigned counsel did not have a large breadth of time within which to make this submission. As cited in his *Motion for Extension of Time*, undersigned counsel offered a satisfactory explanation to the court as to why he was unable to meet such a quick deadline. Despite this fact, undersigned counsel still acted in good faith to timely submit Plaintiff's opposition and would have but for the aforementioned circumstances.

## **CONCLUSION**

Applying the aforementioned factors and the totality of undersigned counsel's circumstances, it can be determined that excusable neglect is present. Accordingly, undersigned counsel prays that Plaintiff is not prejudiced because of the circumstances that have befallen him and that this Honorable Court reconsider its Order granting the Defendant's Motion for Summary Judgment.

Respectfully submitted,

/s/G. Karl Bernard
G. Karl Bernard (#24294)
G. KARL BERNARD & ASSOCIATES, LLC
1615 Poydras Street, Suite 220
New Orleans, Louisiana 70112
Telephone:    (504) 412-9953
Facsimile:     (504) 412-8088
Karl.bernard@karlbernardlaw.com
**Attorney for Plaintiff, Earl Thompson**

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record in this proceeding.

s/G. Karl Bernard
G. Karl Bernard

5