UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EARL THOMPSON                                    CIVIL ACTION

VERSUS                                           NO: 16-17542

DEPARTMENT OF THE                                SECTION: "J" (1)
INTERIOR UNITED STATES, ET
AL.

## ORDER AND REASONS

Before the Court is a *Motion to Reconsider the Court's Order Granting Defendant's Motion for Summary Judgment* **(Rec. Doc. 59)** filed by Plaintiff, Earl Thompson. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This litigation derives from Plaintiff's allegation that he was subjected to discrimination on the basis of his race (African American), sex (male), age (date of birth 12/26/50), and retaliation in the workplace in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act of 1967. (*See* Rec. Doc. 1). Specifically, Plaintiff alleges that he was discriminated against when he applied for a GS-09 Petroleum Engineering Technician position in September of 2015, but a Caucasian female with less seniority, expertise, and experience was selected for the position. (*See* Rec. Doc. 1, at 18).

On May 21, 2018, Defendant filed a motion for summary judgment with a submission date of June 6, 2018. (Rec. Doc. 47). One day before Plaintiff's deadline to

submit an opposition to Defendant's motion, Plaintiff sought and this Court granted a motion extending the submission date to June 8, 2018. (Rec. Doc. 53). Nevertheless, Plaintiff failed to timely file an opposition. On June 11, 2018, this Court granted Defendant's motion for summary judgment, dismissing Plaintiff's claims without prejudice.[1] (Rec. Doc. 54). Thereafter, Plaintiff filed a *Motion for Leave to File Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment Out of Time* (Rec. Doc. 55), which this Court denied (Rec. Doc. 56).

On June 28, 2018, Plaintiff filed the instant *Motion to Reconsider the Court's Order Granting Defendant's Motion for Summary Judgment* (Rec. Doc. 59), which Defendant opposes (Rec. Doc. 60).

## PARTIES' ARGUMENTS

Plaintiff moves this Court to reconsider its June 11, 2018 Order granting Defendant's motion for summary judgment on the basis that Plaintiff's failure to timely file its opposition constituted "excusable neglect" under Rule 60(b)(1). (*See* Rec. Doc. 59-1, at 3). Specifically, Plaintiff alleges that the failure to timely file an opposition was due to the death of counsel's aunt on June 9, 2018 and the "relatively recent loss" of several other family members.[2] (*See* Rec. Doc. 59-1, at 3). Plaintiff's counsel alleges that he "has had grave difficulty focusing on this and other assignments." (*See* Rec. Doc. 59-1, at 3). Plaintiff asserts that Defendant would not

---

[1] This Court's order specified that a motion for reconsideration must be filed within thirty days and must be accompanied by an opposition memorandum to Plaintiff's motion for summary judgment. (Rec. Doc. 54).

[2] Plaintiff alleges that counsel's other aunt contacted him on June 7, 2018, and "requested his assistance during this difficult time." (Rec. Doc. 59-1, at 3).

be prejudiced if this Court granted Plaintiff's motion to reconsider and allowed Plaintiff's memorandum in opposition to Defendant's motion for summary judgment to be considered on the record. (*See* Rec. Doc. 59-1, at 3).

Defendant argues in response that the Court should deny Plaintiff's motion to reconsider because Plaintiff's failure to timely file his opposition amounts to non-action and carelessness as opposed to excusable neglect. (*See* Rec. Doc. 60, at 2). Defendant notes that the Fifth Circuit has many times upheld the denial of a Rule 60(b) motion due to an attorney's failure to adhere to court deadlines. (*See* Rec. Doc. 60, at 3).

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

The difference in treatment is based on timing. If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e). FED. R. CIV. P. 59(e); *Lavespere*, 910 F.2d at 173. However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment,

it is governed by Rule 60(b). FED. R. CIV. P. 60(c); *Lavespere*, 910 F.2d at 173. In the present case, Plaintiff's *Motion for Reconsideration* (Rec. Doc. 59) was filed within twenty-eight days of the issuance of the Court's order (Rec. Doc. 54). Accordingly, Plaintiff's Motion for Reconsideration is treated as a motion to alter or amend under Rule 59(e).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*; *see also Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence." *In Re Energy Partners, Ltd.*, 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); *see also Pechon v. La. Dep't of Health & Hosp.*, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet*, 367 F.3d at 478-79. Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's

dissatisfaction." *Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence"); *Schiller*, 342 F.3d at 567.

"In any case in which a party seeks to upset a summary judgment on the basis of evidence [he] failed to introduce on time, two important judicial imperatives clash: the need to bring litigation to an end and the need to render just decisions on the basis of all the facts." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), abrogated by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). Rule 59(e) is not subject to the limitations of Rule 60(b). *Id.* at 174. Thus, the district court has considerable—though not limitless—discretion in deciding whether to grant a motion for reconsideration governed by Rule 59(e). *Id.* Nevertheless, the Fifth Circuit has held that an unexcused failure to present evidence available at the time of summary judgment constitutes a valid basis for denial of a subsequent motion for reconsideration. *See Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991).

## DISCUSSION

The central issue before the Court is whether Plaintiff's failure to timely file an opposition to Defendant's motion for summary judgment should preclude Plaintiff from having this Court reconsider its prior order granting summary judgment.

In *Lavespere*, the Fifth Circuit enumerated the factors to be considered in evaluating a motion for reconsideration of an order granting summary judgment where the moving party has submitted evidentiary materials that were not considered by the court in its summary judgment ruling. 910 F.2d at 167. These factors include: (1) the reasons for the movant's default, (2) the importance of the omitted evidence to the movant's case, (3) whether the nonmoving party had access to the evidence, and (4) the likelihood that the nonmoving party will suffer unfair prejudice if the court reopens the case. *Id*. at 174.

In a case factually similar to the one at hand, the Fifth Circuit concluded that the district court did not abuse its discretion in denying Plaintiffs' motion for reconsideration of summary judgment. *Templet*, 367 F.3d at 479-80. In *Templet*, the district court granted Defendants' motion for summary judgment after Plaintiffs failed to file any opposition. *Id*. at 476. Within twenty-eight days of the court's judgment, Plaintiffs filed a motion for reconsideration together with an opposition to the motion for summary judgment. *Id*. Regarding the reason for the default, Plaintiffs alleged that a lapse in legal representation from March 15, 2002 until August 22, 2002 resulted in their failure to timely file the requisite medical reports and other documents. *Id*. at 478. Second, Plaintiffs argued that the omitted evidence was critical to their case, as it would have aided in defeating Defendants' motion for summary judgment. *Id*. Third, Plaintiffs alleged that they were precluded from producing the evidence included in the motion for reconsideration at the time the opposition was due because the court's deadline for production of such evidence had

passed. *Id*. Finally, Plaintiffs maintained that Defendants would not be prejudiced if the case were reopened because there were at least seventy-eight similar cases that had been filed in relation to the chemical release at issue. *Id*. In affirming the district court's denial of Plaintiffs' motion for reconsideration, the Fifth Circuit emphasized Plaintiffs' failure to include any form of opposition to Defendants' motion and the fact that Plaintiffs were represented by counsel before Defendants filed their motion for summary judgment and after the court granted the motion. *Id*. at 479. "By denying [Plaintiffs'] motion for reconsideration, the district court's decision is not manifestly unjust in law or fact, nor does it ignore newly discovered evidence. The district court reasonably determined that the facts in this case do not warrant the extraordinary relief associated with the granting of a motion for reconsideration." *Id*. at 479-80.

In his dissenting opinion, Judge Dennis argued that the district court should have granted Plaintiffs' motion for reconsideration. *Id*. at 483. Judge Dennis emphasized that Plaintiffs' failure to timely file an opposition was "through no fault of their own, but because they were subjected to attorney conduct and inaction so egregious that it 'amounted to nothing more than leaving them unrepresented.'"[3] *Id*. Because the omitted evidence was also critical to Plaintiffs' case and the introduction of the evidence would not have prejudiced Defendants, Judge Dennis concluded that the district court misused its discretion in denying the motion. *Id*. at 485.

---

[3] "There is, of course, a need for finality of judgments. However, in an extraordinary case such as this- where plaintiffs had evidence arguably sufficient to survive summary judgment, submitted that evidence to defendants, and failed to provide the evidence to the court in a timely manner due only to a complete abandonment by the legal system- the district court misused its discretion in denying the Rule 59(e) motion without considering the relevant evidence submitted with it."

Here, the reason for the default is the inability of Plaintiff's counsel to focus on the case and its deadlines due to the death of his aunt on June 9, 2018, and the relatively recent deaths of several other family members. (*See* Rec. Doc. 59-1, at 3). While this is an unfortunate set of personal circumstances, it does not support Plaintiff's argument that the extraordinary remedy of reconsideration is warranted. However, the remaining factors enumerated in *Lavespere* support the granting of Plaintiff's motion for reconsideration.

The omitted evidence in this case is clearly probative, as it casts serious doubt on Defendant's assertion that Plaintiff was not selected for the Petroleum Engineering Technician position because Rose Hampton was the "best qualified candidate."[4] Defendant cited Ms. Hampton's pipeline experience and knowledge of ArcGIS as the primary reasons that she was selected for the position at issue. (*See* Rec. Doc. 47-1, at 5). However, the deposition of Ms. Hampton revealed that she responded, "[H]onestly, I don't know much about pipelines" when asked about her knowledge of pipelines. (*See* Rec. Doc. 59-4, at 11). Additionally, Ms. Hampton indicated that her knowledge of ArcGIS was limited to participation in a one-day training session. (*See* Rec. Doc. 59-4, at 12). Accordingly, Plaintiff's omitted evidence on these points is clearly important to his case.

Next, it appears that Defendant had access to the evidence introduced by Plaintiff with his opposition to Defendant's motion for summary judgment prior to the filing of the instant motion. Plaintiff introduces deposition testimony (Rec. Docs.

---

[4] *See* Rec. Doc. 47-1, at 5.

59-7, 59-8, 59-10), a declaration by Plaintiff (Rec. Doc. 59-6), and an interview of Kelly Johnson, the individual who made the hiring decision at issue. (Rec. Doc. 59-9). Neither party suggests that this information was previously unavailable to Defendant.

Finally, Defendant is not unfairly prejudiced by the reopening of this case. While Defendant asserts that it "would be prejudiced by Plaintiff's disregard for the seriousness of deadlines,"[5] very little time has passed since this Court's entry of judgment and Defendant was on notice that Plaintiff would likely file a motion for reconsideration. This Court granted Defendant's motion for summary judgment on June 11, 2018. (Rec. Doc. 54). The order permitted Plaintiff to file a motion for reconsideration based on the appropriate Federal Rule of Civil Procedure within thirty days. (*See* Rec. Doc. 54). After this Court denied Plaintiff's *Motion for Leave to File Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment Out of Time* (Rec. Docs. 55, 56), Plaintiff filed a motion for reconsideration on June 28, 2018. (*See* Rec. Doc. 59). Thus, only seventeen days passed from the entry of judgment and the filing of Plaintiff's motion for reconsideration.

## **CONCLUSION**

Accordingly,

---

[5] *See* Rec. Doc. 60, at 4.

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Reconsider the Court's Order Granting Defendant's Motion for Summary Judgment* **(Rec. Doc. 59)** is **GRANTED**.

New Orleans, Louisiana, this 10th day of October, 2018.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE