UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EARL P. THOMPSON | CIVIL ACTION |
| VERSUS | NO: 16-17542 |
| RYAN ZINKE, SECRETARY OF INTERIOR | SECTION: "J"(1) |

## ORDER AND REASONS

Before the Court is a *Motion to Dismiss and Motion for Summary Judgment* **(Rec. Doc. 47)** filed by Defendant, Ryan Zinke, Secretary of the Interior ("Defendant"). Plaintiff, Earl P. Thompson ("Plaintiff") opposes the motion (Rec. Doc. 59). Defendant filed a reply (Rec. Doc. 64). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

This litigation derives from Plaintiff's allegation that he was subjected to discrimination on the basis of his race (African American), sex (male), age (date of birth 12/26/50), and retaliation in the workplace in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act of 1967. (*See* Rec. Doc. 1). In September 2015, the Measurement Approval and Enforcement Section of the Commingling and Measurement Approval Unit within the Bureau of Safety and Environmental Enforcement (BSEE) accepted applications for a vacant GS-09

1

Petroleum Engineering Technician position. Kelly Johnson was the selecting official for the position and the person selected was to work for him. Mr. Johnson interviewed the four applicants listed on the Certificate of Eligibles, asking each candidate the same twelve question and giving them an opportunity to go into further detail on the basis of their answers. After interviewing the four candidates and reviewing their resumes, Mr. Johnson selected Rose Hampton because he believed she was the best qualified candidate for the position. In accordance with BSEE policy where a competitive selection is made, Mr. Johnson wrote a Rationale for Selection Memorandum on October 7, 2015.

In the instant suit, Plaintiff alleges that he was discriminated against when he applied for the Engineering Technician position, but a Caucasian female—Ms. Hampton—with less seniority, expertise, and experience was selected for the position. (*See* Rec. Doc. 1, at 18). Plaintiff has since voluntarily dismissed all claims alleged in his complaint with the exception of his claim for employment discrimination based on race. (*See* Rec. Docs. 59-4 at 1 and 66).

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the

2

record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324.

The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See*, *e.g.*, *id.* at 325; *Little*, 37 F.3d at 1075.

## **PARTIES' ARGUMENTS AND DISCUSSION**

Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. It makes it unlawful for an employer "to fail or refuse to hire or to discharge an individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin ...." 42 U.S.C. § 2000e–2(a)(1). In order to prevail on a Title VII race discrimination claim, the plaintiff must show that he was treated in a manner which "but for" race, would have been different. *City of Los Angeles Dept. of Water and Power v. Manhart*, 435 U.S. 702, 711 (1978). A Title VII plaintiff bears the initial burden of establishing a *prima facie* case of racial discrimination by showing that: (1) he is a member of a protected class; (2) he was qualified for the employment position at issue; (3) he suffered an adverse employment action; and (4) he was treated less favorably than similarly situated employees outside of his protected group. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Corley v. Louisiana ex rel. Div. of Admin., Office of Risk Management*, 498 Fed.Appx. 448, 450 (5th Cir. 2012). A plaintiff who establishes a *prima facie* case is entitled to an inference of intentional discrimination. *McDonnell Douglas Corp.*, 411 U.S. at 802, 93 S.Ct. 1817. The burden then shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment

decision. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). "If the employer articulates such a reason, the plaintiff then has an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant [i.e., the employer] were not its true reasons, but were a pretext for discrimination." *Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 967 (5th Cir. 2016) (citations omitted).

Here, Defendant does not dispute that Plaintiff has made a *prima facie* case of racial discrimination. Plaintiff likewise concedes that Defendant has satisfied its burden of articulating a legitimate, non-discriminatory reason for selecting Ms. Hampton for the Engineering Technician position. Rather, the parties dispute whether the Defendant's reason—that Ms. Hampton was the most qualified candidate—is mere pretext. Defendant argues that Plaintiff cannot establish pretext because the Fifth Circuit has made clear that years of experience alone is not sufficient to raise a fact question as to whether one candidate is more qualified than the other. (Rec. Doc. 47-1 at 12). Defendant asserts that Mr. Johnson selected Ms. Hampton for the position because he believed she was the best qualified candidate. (Rec. Doc. 47-1 at 11). Specifically, Mr. Johnson noted that Ms. Hampton's six years of experience in the pipeline section was a valuable asset for the position, while Defendant had no pipeline experience. (Rec. Doc. 47-1 at 11). Additionally, Mr. Johnson found Ms. Hampton's knowledge of ArcGIS to be beneficial because she would be prepared to learn how to use the software for maintenance of the pipeline

commingling table and for verification of this data using pipeline system maps. (Rec. Doc. 47-1 at 11).

Plaintiff argues in opposition that summary judgment is inappropriate because "a reasonable factfinder could conclude that Defendant's proffered explanation for selecting Hampton was completely and utterly false." (Rec. Doc. 59-4 at 10). With respect to Ms. Hampton's pipeline experience, Plaintiff asserts that her deposition testimony reflects that when asked a question regarding her knowledge about pipelines, Ms. Hampton responded, "I know--honestly, I don't know much about pipelines." (Rec. Doc. 59-4 at 11). Plaintiff notes further that Ms. Hampton replied "no" when asked if she had any experience working with a pipeline. (Rec. Doc. 59-4 at 11). In contrast, Plaintiff highlights that he has "traveled offshore for thirty (30) years inspecting oil company platforms and pipelines interpreting production data, including but not limited to pipeline flow rates and production rates." (Rec. Doc. 59-4 at 12). Regarding Ms. Hampton's knowledge of ArcGIS, Plaintiff avers that Ms. Hampton testified in her deposition that she only participated in a one-day training session and admitted that her use of the program was limited to inputting data and printing reports. (Rec. Doc. 59-4 at 12). Moreover, Plaintiff points to Mr. Johnson's deposition testimony that he gave Ms. Hampton an opportunity to showcase her ability to use ArcGIS during her interview, while Plaintiff was not offered the chance to demonstrate his proficiency with the software. (Rec. Doc. 59-4 at 12). Plaintiff concludes that "it is undisputed that no reasonable person would have chosen Hampton over [Plaintiff]" for the position at issue. (Rec. Doc. 59-4 at 13).

In reply, Defendant argues that it is not for this Court to decide whether Mr. Johnson's hiring decision was erroneous. (Rec. Doc. 64 at 2). Defendant emphasizes that Plaintiff has failed to refute Ms. Hampton's qualifications pertaining to pipelines as detailed in her resume. (Rec. Doc. 64 at 3). Accordingly, Defendant asserts that it is entitled to summary judgment on Plaintiff's claim of racial discrimination because Plaintiff has failed to show that the proffered reason for hiring Ms. Hampton instead of Plaintiff was mere pretext. The Court agrees.

The record reflects that on October 7, 2015, Mr. Johnson prepared a Rationale for Selection Memorandum in support of his recommendation that Ms. Hampton be selected for the Engineering Technician position. (*See* Rec. Doc. 47-4 at 16). Therein, Mr. Johnson noted that measurement and pipeline experience are especially valuable in the position, and Ms. Hampton was the only candidate who had experience in the Pipeline Section. (Rec. Doc. 47-4 at 16). Given that the Commingling and Measurement Approval Unit is a heavy user of pipeline data, Mr. Johnson stated, "we often find it beneficial to hire employees with experience in the Pipeline Section." (Rec. Doc. 47-4 at 16). Further, Mr. Johnson noted that Ms. Hampton was the only candidate who uses ArcGIS in her current position, which should make her "well prepared to learn how to use it for the maintenance of our pipeline commingling table and for the verification of this data using pipeline system maps." (Rec. Doc. 47-4 at 16). Further, Ms. Hampton's resume—which Mr. Johnson attests was considered in his selection decision—indicates that in her previous position as a Petroleum Engineer Technician, she was "responsible for reviewing pipeline-related

7

documentation with regard to installation, operation, maintenance and repairs of offshore Gulf of Mexico oil and gas pipelines." (Rec. Doc. 47-5 at 10). Mr. Johnson testified in his deposition that Ms. Hampton's six years of experience in the Pipeline Unit and her familiarity with ArcGIS—which she demonstrated during her interview—was key to her being selected for the position. (Rec. Doc. 59-7 at 39. Although Plaintiff places great emphasis on Ms. Hampton's statement that she doesn't "know much about pipelines," the full deposition transcript reflects that Ms. Hampton's statement was in response to the general question about whether she has an understanding of how pipelines work in the oil industry and what she knows about pipelines. (*See* Rec. Doc. 59-8 at 55). Additionally, Ms. Hampton followed up her answer by noting that she knows how to input the information pertaining to pipelines. (*See* Rec. Doc. 59-8 at 55). Plaintiff has produced no competent summary judgment evidence to refute Ms. Hampton's claimed qualifications pertaining to her experience in the Pipeline Section or her knowledge of ArcGIS. Moreover, Plaintiff has failed to produce any evidence to suggest that Defendant or Mr. Johnson had any reason to believe that Ms. Hampton lacked the experience described in her interview and resume.

In contrast, the record reflects that in Plaintiff's April 6, 2016 interview with the EEO Contract Investigator, he responded, "No, I don't have any pipeline experience" when asked whether he had any pipeline experience. (Rec. Doc. 47-5 at 36). When asked during his April 7, 2016 interview with the EEO Contract Investigator about Plaintiff's performance during his interview for the Engineering

8

Technician position, Mr. Johnson responded: "I thought he interviewed pretty well. I could see that he had a lot of experience. It wasn't experience that I thought was immediately applicable. *It was a lot of very good general oilfield experience but nothing really specific to what we do in the Commingling and Measurement Approval Unit.*" (Rec. Doc. 59-9 at 15). Plaintiff has presented no summary judgment evidence to suggest that he possesses the specific experience and skill set sought by Defendant for the subject position, nor does he make any allegation that he communicated that he possessed such experience or skills during his interview with Mr. Johnson. Rather, Plaintiff bases his entire argument on years of service. Plaintiff asserts twice in his answers to interrogatories that he was more qualified for the Engineering Technician position because he has more than thirty-five years of experience in the oil and gas field while Ms. Hampton has only six years of experience. (Rec. Doc. 47-6 at 5, 13). However, there is no evidence in the record to suggest that Plaintiff was more qualified than Ms. Hampton simply because he had over thirty-five years of experience in the oil and gas field. Drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has failed to carry his burden of showing that the proffered reason for hiring Ms. Hampton instead of Plaintiff was a pretext for discrimination. Plaintiff cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Summary Judgment* (Rec. Doc. 47) is **GRANTED**.

New Orleans, Louisiana, this 9th day of July, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE